UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY HENSMAN,

    Plaintiff,

CA: 06-14756

HON: GERALD E. ROSEN

-vs-

CITY OF RIVERVIEW, a Municipal Corporation, and RICHARD BATCHELDER, Joint and Severally,

    Defendants.
_____ /

Jamil Akhtar P38597
Attorney for Plaintiff
1721 Crooks Road, Ste. 206
Troy, MI 48084
(248) 649-1000

Mark A. Porter P42280
Co-Counsel for Plaintiff
28 N. Saginaw Street, Ste. 911
Pontiac, MI 48342
(248) 409-1911

Randall A. Pentiuk P32556
Kerry L. Morgan P32645
Co-Counsel for Defendant Riverview, Only
2915 Biddle Avenue, Ste. 200
Wyandotte, MI 48192
(734) 281-7100

JOHNSON, ROSATI, LaBARGE, ASELTYNE & FIELD, P.C.
By: Laura S. Amtsbuechler P36972
Rebekah W. Page P69061 Attorneys for Defendants
34405 W. 12 Mile Rd., Ste. 200
Farmington Hills, MI 48331-5627
(248) 489-4100

## **STIPULATED PROTECTIVE ORDER**

    IT IS HEREBY STIPULATED, by and between the parties hereto, through their respective counsel, as follows:

1.	Pursuant to Plaintiff's discovery requests in the above-captioned case, Defendants, City of Riverview and Richard Batchelder, will produce the personnel files and evaluations of Richard Batchelder, with personal, financial and medical information redacted, for discovery purposes. Pursuant to Plaintiff's additional discovery requests, Mr. Batchelder will authorize release of his personnel files from previous employers, including Shelby Township, subject to this Protective Order. The files and evaluations shall be labeled or otherwise identified by counsel for Defendants as "Confidential" and subject to this Protective Order.

2.	The files and evaluations shall be kept in the custody and care of counsel of record in this action, and shall be disclosed and used only for the purposes of the conduct of this case, and for no other purpose. The files and evaluations shall not be disclosed to any person, except Plaintiff's counsel of record may disclose the files and evaluations only to employees of Plaintiff's counsel of record, Plaintiff, or experts retained by Plaintiff, and said disclosure is to be made only to the extent essential to the preparation of this case and for no other purpose, and provided that Plaintiff's counsel shall provide all such individuals with a copy of this Stipulation and Protective Order, and all such individuals agree to be bound by the terms of this Stipulation and Protective Order.

3.	Individuals who, pursuant to this Stipulation and Protective Order, and by virtue of their participation in the conduct of this case, review the files and evaluations shall use the files and evaluations for the purposes of the conduct of this case and for no other purpose. Such individuals shall not disclose information obtained pursuant to their review of the files and evaluations to any person or persons not directly involved in the conduct of this case.

4.	The files and evaluations, or any portion thereof used in a deposition, is subject to the following restriction:

>Within thirty (30) days after receiving a deposition, a party may designate pages of the transcript in which the files and evaluations is referenced, and confidential information attached thereto as exhibits, as confidential by underlining the portions of the pages that are confidential and marking such pages as confidential.  Within that same thirty (30) day period, the party making such a designation shall serve a copy of the designations upon all other parties.  If there is an objection to the designation, the Defendants may move to obtain an order designating the information confidential.

5. All discovery and other material or documents filed with the Court, including transcripts and deposition, exhibits, briefs, and mediation summaries which comprise, contain or reference the files and evaluations shall be placed in a sealed envelope and marked "Confidential Information for Court Officials/Mediators only; pursuant to a Protective Order."  It is not to be opened nor the contents thereof displayed, revealed or made public, except by Order of the Court, and for permitted use by the mediators.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

6. The provisions of this Order shall terminate thirty (30) days after the conclusion of all aspects of this action (including exhaustion of all appeals) and the files and evaluations, and all materials referenced in Paragraph 5 above, shall be returned to counsel for Richard Batchelder.

7. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be improper.

8. The attorneys of record are responsible for employing reasonable measures to control disclosure of the files and evaluations.

      s/Gerald E. Rosen
      United States District Judge

Dated:  February 15, 2007